# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Sears Roebuck & Co. and
Liberty Mutual Insurance
Company/Helmsman Management,
Petitioners Below, Petitioners**

**FILED**

**July 30, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 19-0690** (Kanawha County 14-AA-0115)

**James A. Dodrill, West Virginia
Office of the Insurance Commissioner,
Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioners Sears & Roebuck Co. ("Sears") and Liberty Mutual Insurance Company/Helmsman Management ("Liberty"), by counsel Daniel G. Murdock, appeal the order of the Circuit Court of Kanawha County, entered on June 28, 2019, denying their petition for administrative appeal and affirming the order of the West Virginia Offices of the Insurance Commissioner ("the OIC"), entered on July 22, 2013. Respondent Commissioner James A. Dodrill appears by counsel Jeffrey C. Black and Richard M. Crynock.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Kason Casto was injured while working for Sears in 1999. He consequently applied for and was granted workers' compensation benefits. On March 28, 2012, Mr. Casto's physician, Dr. Timothy Deer, requested authorization for the replacement of a pain pump prescribed to Mr. Casto in the course of treatment, and authorization for a battery change for Mr. Casto's spinal cord stimulator. Liberty, the third-party administrator for Sears, denied the requested authorization on December 17, 2012, and Mr. Casto protested the denial.

A little more than one month prior to the denial, on November 15, 2012, Mr. Casto filed a petition alleging that Sears and Liberty failed to timely act on Dr. Deer's request, within the meaning of West Virginia Code of State Rules § 85-1-10.3, which requires that a "responsible party. . . act upon" a request for authorization of medical treatment or devices within fifteen days of receipt of the request. As required by West Virginia Code of State Rules § 93-1-18, Mr. Casto

1

filed his charge with the OIC Office of Judges. By order entered on December 5, 2012, the deputy chief administrative law judge directed Sears or Liberty to act on the request within fifteen days and file any argument or explanation within thirty days.

On June 3, 2013, the deputy chief administrative law judge issued a "report of findings" stating that Liberty timely "acted upon" Dr. Deer's request by requesting further information soon after Dr. Deer made the request, but that Liberty then violated West Virginia Code § 23-4-7(a)[1] by failing to rule on the request until approximately nine months later. The OIC adopted this report and ordered Sears and Liberty to submit to a corrective action plan.[2] Sears and Liberty asked the OIC to reconsider, and the OIC declined. Sears and Liberty filed a petition for appeal in the Circuit Court of Kanawha County in July of 2013. The circuit court denied the petition for appeal on June 28, 2019.

On appeal, Sears and Liberty assert three assignments of error. They argue that the circuit court: (1) failed to address their argument that the procedural rule governing the adjudication of failure-to-timely-act petitions disturbs separation of powers; (2) failed to address their assertions of due process violations; and (3) erred in concluding that the evidentiary record supported a finding that Sears and Liberty failed to timely act. Our standard of review is explained:

> On appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in W.Va. Code § 29A-5-4(a) and reviews questions of law presented de novo; findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to

---

[1] That subsection provides:

The Legislature hereby finds and declares that two of the primary objectives of the workers' compensation system established by this chapter are to provide benefits to an injured claimant promptly and to effectuate his or her return to work at the earliest possible time; that the prompt dissemination of medical information to the commission and employer as to diagnosis, treatment and recovery is essential if these two objectives are to be achieved; that claimants are increasingly burdened with the task of contacting their treating physicians to request the furnishing of detailed medical information to the commission and their employers; that the commission is increasingly burdened with the administrative responsibility of providing copies of medical reports to the employer involved, whereas in other states the employer can obtain the necessary medical information direct from the treating physician; that much litigation is occasioned in this state because of a lack of medical information having been received by the employer as to the continuing disability of a claimant; and that detailed narrative reports from the treating physician are often necessary in order for the commission, the claimant's representatives and the employer to evaluate a claim and determine whether additional or different treatment is indicated.

[2] The provisions of this plan are not described on appeal.

be clearly wrong.

Syl. Pt. 1, *Muscatell v. Cline*, 196 W. Va. 588, 474 S.E.2d 518 (1996).

Sears and Liberty ask us to review our workers' compensation statutory scheme under which the Office of Judges is empowered to conduct administrative review of disputed cases using its own procedural rules. The Office of Judges is expressly denied the power to promulgate legislative rules. The Office of Judges effected a rule to establish a procedure for addressing failure-to-timely-act petitions, such as the one at issue here. The rule provides, in part, that "the Office of Judges will review the matter and report findings of fact and conclusions of law to the Offices of the Insurance Commissioner." *See* W. Va. C.S.R. § 93-1-18.4. The problem, Sears and Liberty argue, is that this rule exceeds the Office of Judges' rulemaking authority, because the legislature has empowered it to "render a decision affirming, reversing or modifying [an] action protested." *See* W. Va. Code § 23-5-9(d), in part. In the case of a failure-to-timely-act petition under the rule in question, however, the Office of Judges considers a matter on the first instance, rather than reviewing a protested action. Consequently, Sears and Liberty conclude, the Office of Judges has taken up a role that the legislature did not bestow on it. The rule further offends, Sears and Liberty argue, because it provides that the OIC may act upon receipt of the Office of Judges' findings of fact and conclusions of law, thereby ignoring the legislative structure that provides for an appeal of an Office of Judges decision to a board of review. The proper rubric, Sears and Liberty propose, is for the Office of Judges to apply its general rule for expedited relief (*see* W. Va. C.S.R. § 93-1-9) to effect compliant hearings enabled by West Virginia Code § 23-4-1c(a)(3), which provides:

> Any party may object to the order of the Insurance Commissioner, private carrier or self-insured employer, whichever is applicable, and obtain an evidentiary hearing as provided in section one, article five of this chapter: *Provided*, That if the successor to the commissioner, other private carrier or self-insured, whichever is applicable, fails to timely issue a ruling upon any application or motion as provided by law, or if the claimant files a timely protest to the ruling of a self-insured employer, private carrier or other issuing entity, denying the compensability of the claim, denying temporary total disability benefits or denying medical authorization, the Office of Judges shall provide a hearing on the protest on an expedited basis as determined by rule of the Office of Judges.

This schematic demonstrates the basis for Sears' and Liberty's first assignment of error (that the Office of Judges, an executive branch agency, has encroached on the purview of the legislature) and their second assignment of error (that the Office of Judges has designed its rule such that an employer or third-party administrator is denied the opportunity to respond to a petition because the rule requires the Office of Judges to take immediate action and because the rule is impermissibly vague).

Against this backdrop, we consider the Office of Judges' application in this case of W. Va. C.S.R. § 93-1-18:

> *18.1. Scope*

3

West Virginia Code §23-4-1c(a)(3) provides a remedy to the claimant when the private carrier or self-insured employer fails to timely issue a ruling, as provided by law, on any application or motion. The Offices of the Insurance Commissioner, and its third party administrators, are not specifically included in the statute and are, therefore, not subject to this process.

*18.2. Initiation of Process*
In order to initiate this process, the claimant must submit in writing to the Office of Judges a statement setting forth the following information:
A. The claimant's name, address, phone number, social security number, date of injury (or last exposure), employer's name and address, and insurer's name;
B. The policy number, claim number, and case number, if known;
C. The nature of the action requested of the insurer;
D. The date the action was requested of the insurer;
E. The address to which the request was mailed or delivered.

The Office of Judges will provide a form for the submission of the required information.

*18.3. Notice to Employer*
Upon receipt of a properly completed statement, or form, the Office of Judges will immediately transmit a copy of the statement, or form, to the employer. The notice shall order the employer to make a ruling, or take required action, within the time limits provided by the applicable statute or regulation.

The notice shall also set a deadline for submission of any statements or evidence that either employer or claimant wishes to submit for consideration by the Office of Judges.

*18.4. Findings of Office of Judges*
Following the deadline for submission of statements or evidence, the Office of Judges will review the matter and report findings of fact and conclusions of law to the Offices of the Insurance Commissioner. The Offices of the Insurance Commissioner may take such administrative action as it determines to be justified.

Sears' and Liberty's suggestion that the Office of Judges is constrained by West Virginia Code § 23-4-1c(a)(3)—that is, that the Office of Judges may only provide an expedited "hearing on the protest" where a self-insured employer has failed to "timely issue a ruling upon any application or motion"—is problematically circular. According to this statute, the Office of Judges' ability to act is triggered by the lodging of a protest. Here, however, the very thing that Mr. Casto sought from Sears and Liberty was a protestable decision. Having no decision, Mr. Casto could not prompt review by the filing of a protest. The OIC has backfilled this gap using its broad power, set forth in West Virginia Code § 33-2-13, to "call and hold hearings for any purpose deemed necessary by [the OIC commissioner] for the performance of his duties." The OIC, in turn, designates the Office of Judges to act as a hearing examiner for the purpose of recommending a decision, but the OIC ultimately issues the decision itself. We find that the legislature has bestowed

4

on the OIC the authority to regulate workers' compensation, and that it has further bestowed broad hearing power "for any purpose deemed necessary." The OIC has acted within this discretionary authority to achieve the stated purpose of providing a workers' compensation claimant assistance in a timely manner. We thus find that the connection of our insurance statutes to our workers' compensation act—complicated though it is by a marriage made well after both had existed independently[3]—ensures that the entire system works within the bounds established by the legislature.

We further find that Sears and Liberty, in arguing that the structure of the rule at issue erodes due process, overstate the constraints on an employer's opportunity to respond. Here, the Office of Judges' notice gave Sears and Liberty fifteen days to rule or "take other action" on Dr. Deer's request, but also gave Sears and Liberty thirty days to request a hearing or submit its argument or explanation for the failure to sooner act. There is no evidence that they requested a hearing, but they did appear for depositions taken subsequent to Mr. Casto's protest of the denial of Dr. Deer's authorization request. Transcripts from two of those depositions were included in the appendix record on appeal. It is apparent that Sears and Liberty were not impeded in their ability to address the charge that they failed to act in a timely manner.

We turn to the sole remaining assignment of error, wherein Sears and Liberty argue that the evidence does not support the circuit court's finding that they failed to timely act on Dr. Deer's medical authorization request. The request was made in March of 2012 and denied in December of 2012. Though nearly nine months passed without the entry of a decision, Sears and Liberty deny that this passage of time evidences a failure to act. Rather, they argue, they complied with the applicable laws—which prescribe only the time to "act" and not the time to decide—by "engag[ing] in an investigative process." The investigative process described in Sears' and Liberty's brief, however, is largely unsupported by citations to the appendix record on appeal. Citations are utilized to direct to Dr. Deer's request, Liberty's initial notice that it withheld authorization, and the deputy chief administrative law judge's report, but key factual assertions that attribute delay to Mr. Casto, Dr. Deer, or Mr. Casto's counsel are, by and large, unsupported. We find no reason, therefore, to set aside the circuit court's determination that the response in this case fell short of meeting the "self-evident" timeline that would relieve a claimant of suffering in the delay.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** July 30, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[3] Our workers' compensation system, a more-than-a-century-old institution, has been administered by the OIC since 2006. *See* W. Va. Code § 23-1-1.